UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOROTHY ELIZABETH RAINEY,

    Plaintiff,

v.                                                                                               Case No: 5:17-cv-541-Oc-PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.
_____

# ORDER

For more than ten years, Plaintiff has been pursuing her claim for social security income benefits. There have been four hearings and four decisions, one remand by the Appeals Council and two remands by this Court, and now her claim is before this Court for a third time. The Commissioner has once again moved for remand under sentence four of 42 U.S.C. § 405(g), so that further administrative action can be taken. (Doc. 19). Plaintiff argues that the case should be remanded for the sole purpose of calculating and paying benefits because she has suffered an injustice. Upon consideration of the briefs and the record, the Court agrees with Plaintiff.

    **I.**    **BACKGROUND[1]**

On January 11, 2008, Plaintiff filed her initial application for Social Security Income ("SSI") benefits, alleging a disability onset date of June 1, 1993. Following a hearing, Administrative Law Judge ("ALJ") Douglas A. Walker issued an unfavorable decision in March

---

[1] The background facts are taken in large part from the Court's previous remand Order (Doc. 24) in *Rainey v. Comm'r of Soc. Sec.*, No: 5:15-cv-536-Oc-PRL (M.D. Fla. June 9, 2016).

2010. The Appeals Council remanded the case back to ALJ Walker. Almost two years after his first decision, ALJ Walker issued a second unfavorable decision. The Appeals Council then denied Plaintiff's request to review ALJ Walker's second decision and Plaintiff appealed to this Court.

In September 2014, the Court reversed and remanded this case as ALJ Walker failed to discuss or include several moderate limitations that two state agency physicians opined of, despite according those opinions great weight. *Rainey v. Comm'r of Soc. Sec.*, No: 5:13-cv-265-Oc-10PRL, at Doc. 17 (M.D. Fla. Sept. 9, 2014). In doing so, the Court stated:

> Given the long history of this case and the ALJ's failure to correct errors identified by the Appeals Council, I seriously considered remanding for an award of benefits. Nonetheless, after careful consideration, I decline to make that recommendation, because based on this record, the cumulative effect of the evidence does not establish disability without any doubt and Plaintiff has not demonstrated that she has suffered an injustice. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (award of benefits appropriate where evidence establishes disability beyond a doubt); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (award of benefits appropriate where Claimant has suffered an injustice). However, this matter has been pending for more than six years and Plaintiff is entitled to have her claims properly resolved. On remand, the Commissioner should carefully consider Plaintiff's mental impairments and the impact that they have on her ability to work.

That was almost four years ago.

After that remand, Plaintiff filed an additional application for SSI benefits, her applications were then consolidated, and the Appeals Council remanded the case back to the ALJ to issue a new decision on the consolidated claims.

ALJ Janet Mahon considered the consolidated claims and issued a partially favorable decision in August 2015, finding Plaintiff disabled beginning on August 26, 2014. After the Appeals Council declined to review ALJ Mahon's decision, Plaintiff filed her second action in this Court. *Rainey v. Comm'r of Soc. Sec.*, No: 5:15-cv-536-Oc-PRL (M.D. Fla.). The Commissioner filed a motion to remand that case for further administrative proceedings, requesting that the entire decision—including the favorable part—be vacated. The Commissioner stated that remand was

necessary for the ALJ to, among other things, obtain evidence from a medical expert to address the nature and severity of Plaintiff's impairments, with and without the substance abuse; and to consider the third-party statement from Plaintiff's son. (Tr. 1400-02). On June 9, 2016, the Court granted the motion to remand, but limited the scope of reconsideration to the period prior to August 26, 2014. (Tr. 1393-99).

The Appeals Council then remanded the case to the ALJ with specific directions, including that she obtain evidence from a medical expert to address the nature and severity of Plaintiff's impairments, with and without substance abuse and that she evaluate the third party statement from Plaintiff's son. (Tr. 1387-88). On August 28, 2017, after conducting yet another hearing, ALJ Mahon issued an unfavorable decision. (Tr. 1317-30). While ALJ Mahon acknowledged the directives from the Appeals Council, she inexplicably failed to obtain evidence from a medical expert to address the nature and severity of Plaintiff's impairments, with and without substance abuse, prior to the established onset date; and she did not consider the third-party statement from Plaintiff's son.

Plaintiff then filed this third federal action. After Plaintiff filed her memorandum, the Commissioner filed the instant motion to remand (Doc. 20), conceding that the ALJ erred and seeking a remand so that the ALJ can

> obtain evidence from a medical expert to address the nature and severity of Plaintiff's impairments, with and without substance abuse; consider the third-party statement from Plaintiff's son; reassess Plaintiff's residual functional capacity; and, at step five, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base.

Plaintiff agrees that remand is appropriate. However, she argues that the case should be remanded for the sole purpose of calculating and paying benefits for the period from January 11, 2008, the

application date, through August 25, 2014.² (Doc. 21). The Commissioner has filed a response in opposition. (Doc. 24).

## II. DISCUSSION

The Commissioner correctly notes that in Social Security cases, the proper remedy for errors committed during the administrative process is generally a remand for further proceedings. However, the Commissioner does not receive "endless opportunities to get it right." *Goodrich v. Commissioner of Social Security*, No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at * 14 (M.D. Fla. Feb. 7, 2012) (quoting *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001)). While extremely rare, the Court may remand a Social Security case solely for an award of benefits when "repeated remands, the failure of the Commissioner to follow the court's remand instructions, the Commissioner's inability to carry his burden of proof, the existence of extraordinary delay, or a combination of these factors override the need for further administrative proceedings." *Moran v. Commissioner of Social Security*, Case No. 6:15–cv–1065–Orl–40TBS, at 7 (M.D. Fla. Feb. 22, 2016) (report and recommendation adopted May 31, 2016) (*citing Goodrich*, 2012 WL 750291, at *13)). Any one of these equitable considerations, by itself, provides sufficient basis for a remand for benefits. *Id.* at 7-8 (collecting cases in which court remanded for benefits); *see also*, *Torres v. Comm'r of Soc. Sec.*, No. 6:15-cv-1911-Orl-37-DCI, 2017 WL 663679, at *8 (M.D. Fla. January 12, 2017) (Court may remand for an award of benefits where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the claimant has suffered an injustice).

---

² As discussed above, Plaintiff already was found disabled beginning on August 26, 2014.

In *Moran v. Commissioner of Social Security*, the Court found the Commissioner's mishandling of the case to be unconscionable and explained:

> Plaintiff has now had three administrative hearings and each time the ALJ has committed reversible error. These mistakes were compounded by the Appeals Council which twice reviewed the case without correcting the ALJ's errors. The case is now on appeal to this Court for the third time. The last two times the Court, after considering the merits of Plaintiff's challenge to the Commissioner's denial of benefits, reversed and remanded with specific instructions. Each time, the Commissioner failed to follow the Court's remand instructions.
>
> . . .
>
> The delays which have resulted from the Commissioner's mistakes have kept this case in the pipeline for almost ten years during which time Plaintiff has not received a fair hearing, or benefits. To send the case back to the Commissioner for a fourth time will only further delay Plaintiff's application. The Commissioner is not entitled to adjudicate a case *ad infinitum* until it correctly applies the proper legal standard. Fairness demands that the review process end at some point.

*Moran v. Commissioner of Social Security*, 6:15–cv–1065–Orl–40TBS (M.D. Fla. Feb. 22, 2016), at 9–10 (internal citations and quotation marks omitted).

Similarly, in this case, more than ten years have passed since Plaintiff applied for benefits, during which time there have been four administrative hearings by two different ALJs and each time the ALJ committed reversible error. The last time this Court reversed and remanded with specific instructions to the Commissioner, and the Commissioner inexplicably failed to follow those instructions. The Appeals Council failed to correct the error and now the case is on appeal to this Court for the third time. If the Court remands for further administrative proceedings, Plaintiff will be faced with an even longer delay, without any assurance that the Commissioner will finally produce a decision supported by substantial evidence and which applies the correct legal standards.

Given the history of this case and the Commissioner's repeated errors, the Court agrees with Plaintiff that she has suffered an injustice. *See e.g., Quanstrom v. Comm'r of Soc. Sec.,* Case.

No. 6:15-cv-990-Orl-37GJK, 2016 WL 3769958, at 2 (M.D. Fla. July 15, 2016) (remanding for benefits and finding that handling of the claim over fourteen years with four remands had been "a travesty by any objective measure" and that it had worked to inflict a "grave injustice" upon Plaintiff; ); *Weary v. Comm'r of Soc. Sec.*, Case No. 6:14–cv–1742–Orl–GJK, 2016 WL 1030800, at *7 (M.D. Fla. Mar. 15, 2016) (finding that claimant suffered an injustice and remanding the case for an award of benefits where, after three administrative hearings and a prior remand order specifically identifying the legal and evidentiary problems, which the ALJ seemingly ignored, Plaintiff had yet to receive a final decision applying the correct legal standards); *Trivett v. Comm'r of Soc. Sec.*, Case No. 5:12–cv–534–Oc–PRL, 2013 WL 6670441, at *8 (M.D. Fla. Dec. 17, 2013) ("Approximately nine years have passed since Plaintiff applied for benefits, during which time there have been four administrative hearings, one remand by the Appeals Council, and two remands by this Court. The substantial delays in this case were caused by 'deficiencies that were not attributable to Plaintiff's error.' If the Court remands for further administrative proceedings, Plaintiff will be faced with an even longer delay, without any assurance that the Commissioner finally will get it right.... Under these circumstances, the undersigned finds that the nine-year delay that Plaintiff has experienced thus far is unconscionable and that this case should be remanded for an award of benefits.") (internal citations omitted); *Jusick v. Comm'r of Soc. Sec.,* No. 6:12-cv-175-Orl-GJK*,* 2012 WL 5505925, at *2 (M.D. Fla. Nov. 10, 2012) ("inequitable and unjust to remand for further proceedings," where Commissioner had already held four hearings, decisions had been remanded once by the Appeals Council and twice by the Court and the most recent decision failed to comply with the Court's remand instructions); *Pavlou v. Astrue*, 8:09-cv-1456-T-30MAP, 2010 WL 3340515, at *6-7 (M.D. Fla. Aug. 6, 2010) (remanding for calculation of benefits where claim had been pending over eight years, claimant had appeared before two

different ALJs at three hearings, and the Appeals Council had reversed twice) (report and recommendation adopted August 25, 2010).

Accordingly, the ALJ'S decision is **REVERSED** pursuant to sentence four of Section 405(g) and **REMANDED** for calculation of past-due benefits to Plaintiff for the period from January 11, 2008 through August 25, 2014, in accordance with the Social Security Act and Federal regulations.

**DONE** and **ORDERED** in Ocala, Florida on August 13, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties