# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DOROTHY ELIZABETH RAINEY,**

    **Plaintiff,**

**v.**                                                                                                      Case No: 5:17-cv-541-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's motion for attorney fees. (Doc. 27). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $3,187.83.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The record establishes that these requirements have been met, and the Commissioner does not dispute Plaintiff's claim that she qualifies for an award of fees.

However, the Commissioner argues that Plaintiff's claim includes time spent on un-compensable clerical or administrative tasks. *See e.g., Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) ("[a] fee applicant is not entitled to

compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment."). Specifically, the Commissioner contests the following entries: 11/8/17 Complaint, Civ. Cov. Sheet, Summons (0.7); 11/22 Notice of Pendency (0.1); 11/17 Reviewed Order granting forma pauperis motion (0.1); 1/30/18 Reviewed Answer (0.1); 1/31 Reviewed Schd. Order (0.1); and 8/16 Reviewed Order and Judgment (0.1).

While not complex work, these tasks are attorney's work. Indeed, an attorney is expected to read the Court's orders, as well as the pleadings and papers filed by the opposing party. *See Kropp v. Comm'r of Soc. Sec.,* Case No. 3:13-cv-158-JBT, Doc. 29, p. 6-7 (M.D. Fla. Dec. 30, 2013) (finding compensable time for "not especially rigorous tasks" including ensuring proper service, and reading adversary's filings and Court's orders); *Vargas v. Comm'r of Soc. Sec.*, Case No. 6:13-cv-1683,-Orl-41TBS, Doc. 30, p. 4 (M.D. Fla. March 11, 2015) (finding compensable "less intellectually demanding work" that attorneys are still expected to do, including reviewing the return of service to insure proper service and reviewing the notice of pendency of related cases before submitting it to the court). And, an attorney has an obligation to review every document filed with the Court under his or her name. *See* Fed. R. Civ. P. 11. In reviewing the above entries, the Court findings that the time spent by Plaintiff's counsel to accomplish these tasks was reasonable.

Accordingly, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's motion for attorney's fees (Doc. 27) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$3,187.83.** Based on Plaintiff's assignment of EAJA fees to her counsel (Doc. 27-1), payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on November 2, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties